# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00289-CR
NO. 03-18-00290-CR

**Santos V. Loa, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY,
NO. 86-252-K, THE HONORABLE WILLIAM LOTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Santos V. Loa has filed a notice of appeal from a judgment of conviction for aggravated sexual assault. This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction."). Rule 26.2 of the Texas Rules of Appellate Procedure requires that a notice of appeal be filed within 30 days after the day sentence is imposed or suspended in open court or, if the defendant timely files a motion for new trial, within 90 days after sentencing. Tex. R. App. P. 26.2(a)(1)-(2). In Loa's case, the district court imposed sentence in December 1986. Loa filed his notice of appeal on April 27, 2018, long after any conceivably applicable appellate deadline. Absent a timely filed notice of appeal, we lack jurisdiction to dispose of this appeal in any manner other than by dismissing it for want of jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Also, while Loa filed a motion to extend time to file his notice of appeal, we are also without jurisdiction to grant it because it was filed more than fifteen days after the date that the notice of appeal was due. *See Olivo*, 918 S.W.2d at 522, 526. Accordingly, we deny the motion for extension of time and dismiss the appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 25.2(a)(2), (b).

_____
Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed:  June 29, 2018

---

[1]  The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07.